IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA

DARYL CHRIS DICKEY,

    Plaintiff

v.                          Civil Action Number:

NORFOLK SOUTHERN
RAILWAY COMPANY,

    Defendant.

## COMPLAINT

COMES NOW the plaintiff, Daryl Dickey, by and through his attorneys and files the following Complaint under the Americans with Disabilities Act and the Rehabilitation Act.

### Parties

1. The plaintiff, Daryl Dickey is an adult individual, residing in Statesboro, Georgia (Bulloch County).

2. The defendant, Norfolk Southern Railway Company, hereinafter referred to as ("Norfolk"), is a corporation engaged in interstate commerce employing more than 15 persons who work in several states, primarily engaged in railroad transportation. Norfolk maintains its corporate headquarters at 1200 Peachtree Street, NE, Atlanta, Georgia.

### Jurisdiction and Venue

3. This is an action under the under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. and Section 504 of the Rehabilitation Act of 1973, as amended, ("Rehabilitation Act"), 29 U.S.C. §794 et seq. Plaintiff, Daryl Dickey, seeks declaratory, injunctive, compensatory and punitive relief and damages for the denial of employment on the basis of disability as defined by the applicable statutes.

4. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and a substantial part of the events giving rise to the claim occurred in this district.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343. This action is authorized and instituted under the Americans with Disabilities Act and pursuant to Section 504 of the Rehabilitation Act.

6. The defendant is a covered employer within the meaning of the ADA and Rehabilitation Act because, among other things, they employ the requisite number of employees during the relevant time period.

7. Mr. Dickey was denied employment because of his disability or was regarded as disabled based on a perception that he was substantially limited in one or more major life activities and/or was regarded as disabled or record of disability by Norfolk that this disability prevented him from performing the job held or desired and was refused an accommodation by Norfolk for this medical condition. Mr. Dickey was diagnosed and treated for pre-diabetes and later diabetes, a medical impairment related to the endocrine system. At all times relevant to this lawsuit, Plaintiff was a qualified individual with a disability who possessed the requisite qualifications to perform the essential functions of his job and other available jobs, with or without an accommodation.

8. At all relevant times, Norfolk has received federal financial assistance, thereby rendering Section 504 of the Rehabilitation Act applicable to its employment programs and activities.

## Statement of Facts

9. Mr. Dickey began working for Norfolk Southern Railway Company on November 18, 1988 as a conductor and was promoted to an engineer in 1993.

10. On or about June 12, 2020, Norfolk Southern placed Mr. Dickey on a "medical hold" and held him out of service.

11. Dr. Litow, Medical Director at the time, signed a from that Mr. Dickey was held out of service due to "uncontrolled diabetes" more likely than not based upon the review of the medical records.

12. However, Mr. Dickey was initially diagnosed with pre-diabetes, and subsequently with diabetes, and but he has never experienced any symptoms related to diabetes such as hyperglycemia or hypoglycemia.

13. Both Mr. Dickey and his physician's office submitted his medical records to the Norfolk Southern medical department on July 2020 and resubmitted both old and new lab work on numerous occasions on September 25, 2020, October 1, 2020, October 23, 2020, December 12, 2020, December 29, 2020, January 5, 2021, January 25, 2021 and February 11, 2021.

14. Mr. Dickey's primary care physician, Luke Krautter, M.D. sent letters dated May 28, 2020 and October 21, 2020 certifying that Mr. Dickey does not have any work restrictions.

15. Norfolk Southern through his Road Foreman, Keith Sapp, informed Mr. Dickey to return to work on February 26, 2021.

16. Mr. Dickey claims the above is in violation of the Americans with Disabilities Act, as amended, and the Rehabilitation Act due to Norfolk Southern regarded and/or based upon a record of disability and seeks all available remedies including back pay, compensatory and

punitive damages, interest, attorneys' fees and costs in addition to declaratory and injunctive relief.

## Count I

### Allegations of Defendant's Violation of the Rehabilitation Act

17. Mr. Dickey incorporates by reference all of the above allegations set forth in this Complaint.

18. Mr. Dickey was at all relevant times capable of performing the essential functions of a conductor and engineer.

19. Mr. Dickey was not allowed to return to work, because Mr. Dickey was disabled, regarded as disabled and/or had a record of disability within the meaning of the Rehabilitation Act, with or without reasonable accommodations.

20. As a result of this conduct, Norfolk has caused Mr. Dickey the loss of wages and other job benefits and emotional and other harm.

21. Norfolk was and is the recipient of federal financial assistance and maintains contracts with the federal government in excess of $10,000.

## Count II

### Allegations of Defendant's Violation of the Americans With Disabilities Act

22. Mr. Dickey incorporates by reference all of the above allegations set forth in this Complaint.

23. Mr. Dickey was at all relevant times capable of performing the essential functions of a conductor and engineer.

24. Mr. Dickey was not allowed to return to work, because Mr. Dickey was disabled, regarded as disabled and/or had a record of disability within the meaning of the Rehabilitation Act, with or without reasonable accommodations.

25. As a result of this conduct, Norfolk has caused Mr. Dickey the loss of wages and other job benefits, compensatory and punitive damages.

## **PRAYER FOR RELIEF (All Counts)**

WHEREFORE, Mr. Dickey demands: (1) judgment against defendant jointly and severally in an amount to make him whole for all damages suffered by him as a result of defendant's violation of the Americans with Disabilities Act and Rehabilitation Act, including, but not limited to, damages for back pay and benefits, front pay, compensatory damages, punitive damages and all other damages recoverable under the above laws plus prejudgment and other interest; (2) that this Court enjoin defendant from further violating the above laws; (3) that this Court order defendant to reinstate Mr. Dickey's back pay, benefits and pension contribution to the position he held when defendant unlawfully disqualified him with all seniority and benefits he would have otherwise accrued had not defendant violated the above laws; (4) that this Court award Mr. Dickey expert witness fees, attorneys' fees and the cost of bringing this action and, (5) that this Court grant his all other relief that he is entitled to under law and equity including offset for tax consequences.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

/s/Douglas B. Chanco
Douglas B. Chanco
Ga Bar Number:  139711
912 Holcomb Bridge Rd. Suite 203
Roswell, GA 30076
(404) 842-0909 (telephone)
(404) 719-4273 (facsimile)
doug@csfirm.com.com
Attorney for Plaintiff